IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kenneth Eugene Turmon, Jr., Plaintiff, | ) | Case No. 6:26-cv-01579-DCC |
| v. | ) | **ORDER** |
| Ernest Michael Patrick O'Brien, Jr., Defendant. | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 23, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice and without issuance and service of process. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections. ECF No. 12.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

The Magistrate Judge recommends summary dismissal of this action because Defendant is entitled to judicial immunity. ECF No. 10. Because Plaintiff filed objections, the Court's review has been de novo.

In Plaintiff's objections, Plaintiff requests to amend his complaint to state that he is requesting only declaratory judgment. ECF No. 12. First, as to any claim for monetary damages, Defendant is entitled to absolute judicial immunity. *Cochran v. Mahoney*, Civ. No. JKB-21-2323, 2021 WL 4503065, at *1 (D. Md. Sept. 29, 2021) ("The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities." (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam))).

With respect to Plaintiff's request for declaratory relief, generally "judicial immunity does not apply to claims for equitable relief." *Foster v. Fisher*, 694 F. App'x 887, 889 (4th Cir. 2017) (per curiam). However, the retrospective nature of Plaintiff's sought declaratory

relief "makes application of judicial immunity proper." *Miller v. Purpura*, No. CV JKB-21-3206, 2022 WL 3083440, at *2 (D. Md. Aug. 3, 2022).

Further, Plaintiff's allegations are subject to dismissal as frivolous. It is well-settled that the court has the authority to dismiss claims "whose factual contentions are clearly baseless." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (citation omitted). In reviewing a complaint for frivolousness or malice, a court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept all well-pleaded allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Upon such review, the Court finds that Plaintiff's allegations against Defendant are frivolous.

Finally, the Magistrate Judge recommends the imposition of a limited sanction based upon the fact that Plaintiff has sued Defendant previously and has been informed that Defendant is entitled to judicial immunity. While Plaintiff has extended his request to include declaratory relief, the Court agrees with the Magistrate Judge that Plaintiff has previously been informed that Defendant is entitled to judicial immunity for his actions on October 3, 2023. Plaintiff has not specifically objected to the Magistrate Judge's discussion of the imposition of a prefiling injunction; nevertheless, the Court's review has been de novo. Upon such review, the Court adopts the Magistrate Judge's thorough analysis of the factors articulated in *Cromer v. Kraft Foods N. Am. Inc.,* 390 F3d 812, 818 (4th Cir. 2004). The Court finds that the imposition of the following sanction is proper:

> The Clerk of Court is not required to accept any filing where Plaintiff is only pursuing Defendant O'Brien for claims arising from October 2023. In any case where an order of dismissal is entered based on the above prefiling restrictions, the only document that may be filed by Plaintiff after the order of dismissal is a notice of appeal.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 4, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.